**ARMCO STEEL CORPORATION et al.,
Petitioner,**

**v.**

**UNITED STATES of America et al.,
Respondents.**

**No. 74–1051.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1974.

Decided Jan. 22, 1974.

See also, D.C., 56 F.R.D. 408.

Charles R. Murnane, St. Paul, Minn., for Armco.

Edward T. Fride, Duluth, Minn., for Reserve.

Byron E. Starns, Deputy Atty. Gen., St. Paul, Minn., and Bradford Whitman, U. S. Dept. of Justice, Washington, D. C., for respondents.

Before BRIGHT, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioners Armco Steel Corporation (Armco) and Republic Steel Corporation (Republic) seek permission under 28 U.S.C. § 1292(b), to appeal from an interlocutory order of the district court in No. 5–72 Civ. 19 (District of Minnesota, Fifth Division), joining them as party defendants.

The petitioners were joined as parties by the district court following approximately five months of trial which at this point has proceeded solely against Reserve Mining Company, a Minnesota corporation. Armco and Republic each own 50 percent of the stock of Reserve, each elects 50 percent of the board of directors of Reserve, and Reserve produces taconite solely for Armco and Republic. In the suit, the plaintiffs, United States and the State of Minnesota, charge that Reserve's discharge of taconite tailings into Lake Superior has and is producing pollution of the lake in violation of law. The controversy in part involves an issue concerning a potential hazard to the health of the citizens of Duluth-Superior and other nearby communities. These communities draw water for consumption purposes from Lake Superior. Issues of such import, of course, should be expeditiously resolved.

Judge Lord in ordering the joinder of the additional parties, in part stated:

> It is claimed that Reserve's discharge is in violation of federal and state laws and creates a common law nuisance. If these allegations are established, Reserve may be called upon to make recompense in the form of civil penalties or injunction, for its violations. If because of the corporate structure established by Armco and Republic, Reserve is incapable of meeting its obligations imposed as a result of its wrongdoing, this may well be an appropriate case in which to go beyond the corporate entity and look to Armco and Republic to make good the wrong committed by Reserve.

\* \* \* \* \* \*

> This Court is not now called upon to decide whether Reserve is a mere instrumentality of or a single enterprise with Armco and Republic. It is sufficient for the decision of the pending motion that the moving parties have alleged facts that, if proven, may entitle them to recover against Armco and Republic. Hence if plaintiffs' motion otherwise complies with rules of procedure and due process, the motion should be granted.

\* \* \* \* \* \*

> Naturally, at this stage in the proceedings, the Court cannot determine if any relief at all will be granted; or, even if a remedy is granted, it may not include Armco and Republic. However, the Court by this Order will insure that if, in fact, relief is called for that all responsible parties necessary to effectuate the remedy selected by the Court are subject to the Court's jurisdiction. Since under some circumstances complete relief could not be accorded without the joinder of Armco and Republic, it is the Court's conclusion that they should be joined pursuant to Rules 19(a)(1), Fed.Rules of Civ.Pro.

In responding to Armco and Republic's claims of prejudice and violations of due process by being joined in this complex and protracted litigation after several months of trial, Judge Lord added:

> As for the claim of prejudice and due process, it should first be noted that if plaintiffs establish their claims that Reserve is a mere agent or instrumentality of Armco and Republic, then in fact Armco and Republic have been in the case all along in the person of Reserve. Certainly Armco and Republic have had a substantial stake and interest in this lawsuit. As sole shareholders in Reserve, and as guarantors of Reserve's substantial obliga-

tions, they have hundreds of millions of dollars at stake in this litigation. Representatives of Armco and Republic have participated in discovery, attended some of the Court sessions and receive daily transcripts of the proceedings.

Upon entering the order of joinder, the district court consented that the joinder be the subject of appeal pursuant to 28 U.S.C. § 1292(b) by certifying that:

> The resolution of this issue of joinder by the Court of Appeals before this Court is called upon to fashion any relief may result in significant saving of judicial time and an earlier termination of the litigation. The nature and type of relief granted, if any, might be substantially different with these defendants present than in their absence. In order for the Court to fashion meaningful relief it is essential that it be determined whether or not the Court has properly joined the defendants at this stage in the proceedings, based upon the plaintiffs' showing concerning the relationship between Armco, Republic and Reserve.
>
> The Court, therefore, pursuant to 28 U.S.C. 1292(b) (1970), certifies this question for review by the Eighth Circuit Court of Appeals.

The petitioners in seeking permission to appeal assert the following propositions as controlling questions of law for our consideration upon the allowance of this interlocutory appeal:

(1) That no conditions exist in this case justifying the piercing of the corporate veil and thus justifying the imposition of liability upon petitioners, Armco and Republic, should judgment eventually be entered against Reserve Mining Company; and,

(2) The order joining Armco and Republic as defendants at this stage denies them due process.

■ Petitioners strongly press these points. Given the unusual nature and importance of this litigation, we believe we should consider the merits of petitioners' arguments. Accordingly, we authorize this interlocutory appeal under 28 U.S.C. § 1292(b).

During oral argument upon the petition to this court to allow the § 1292(b) appeal, the parties agreed that if we authorized the appeal we might consider the merits upon the submission already made. Accordingly, we turn to the merits.

■ We believe it apparent from the record that the district court ordered joinder only upon a hypothetical state of facts, *i. e.*, that, if liability were ultimately resolved against Reserve Mining Company, circumstances not now known to the parties might make it necessary to require Reserve's stockholders, as separate corporate entities, to participate with Reserve in effecting adequate relief. The plaintiffs, however, concede that the presence of Armco and Republic is unnecessary at this stage of the proceedings. The joint brief of respondents United States, the State of Minnesota, and the Minnesota Pollution Control Agency show these parties to take the following position on the necessity of joinder at this time:

> We respectfully submit that the causes of action alleged against Reserve Mining Company by the several plaintiffs can be pleaded and proven without the necessity of joinder of Armco and Republic Steel Corporations as formal parties to this action. There is no doubt that Reserve discharges taconite tailings into Lake Superior and that the district court may assess the harm resulting from that discharge, the technological feasibility of its abatement, and the economic impact of various alternative methods of disposal without exercising formal jurisdiction over the two parent corporations, Armco and Republic. Whether or not the two latter companies are parties to this action, the claims for relief in the original cause *can* be adjudicated. Evidence can and will be adduced as to the ability of Armco

and Republic Steel to pay for pollution control expenditures through payments of Reserve's costs, as they now do. To the extent that recovery of civil penalties and mandatory relief may be frustrated by Reserve's inability to pay and lack of jurisdiction in this suit over Armco and Republic, a separate action *can* be brought against them.

Moreover, plaintiffs take the position that regardless of joinder, if they establish a basis for attributing the liability, if any, of Reserve to its corporate shareholders, that Armco and Republic as such shareholders have sufficient privity of interest with Reserve Mining so as to be bound by the court's determination of liability under principles of res judicata.

In resolving this appeal we need not decide these issues, nor the contention, raised by Armco and Republic, that conditions do not exist which justify piercing the corporate veil of Reserve Mining in order to require Armco and Republic to shoulder some burden of overcoming and alleviating the effects of the alleged pollution of Lake Superior. These matters must first be determined by the district court. We do not undertake their resolution here.

But what is manifestly made clear to us is that the forced joinder of the defendants at this time creates serious due process problems and creates an unnecessary risk of creating reversible error in this protracted litigation. The district court has ordered the petitioners Armco and Republic to immediately participate in these proceedings. The necessity of joinder here relates only to a possible remedy in overcoming the effects of pollution. The justification for joinder thus rests on mere hypothetical speculation.

Moreover, although the trial court has stated that its proceedings in this case to date have been geared toward a "quick and efficient" determination of the plaintiffs' allegations that the discharge of taconite tailings constitutes a danger to the public health, the joinder of defendants can only serve to delay the termination of the trial, perhaps for many months. The trial court in a memorandum issued in connection with its joinder order stated that it would permit counsel for Armco and Republic "to recall all previous witnesses or prepare and call new witnesses for additional testimony on cross-examination." While such procedures might arguably serve to reduce the potential prejudice to appellants from the joinder order, utilization by them of such procedures would greatly delay the submission of liability issues to the court.

Under these circumstances and under the showing presently made by plaintiffs, we hold that the district court abused its discretion in ordering Armco and Republic to become parties and to participate in the ongoing lawsuit at once. We express concern that the resolution of the important "health hazard" issue might be greatly delayed by such joinder.

We understand the concern of the trial court in desiring to have all interested parties before that court. But Armco and Republic are entitled to notice of the claims against them and a fair opportunity to present a defense to these claims. We think it far better to defer any order of joinder until the health and liability issues have been resolved.

We make it clear, however, that our direction to the district court to set aside the joinder order is without prejudice to the rights of the plaintiffs to subsequently move that Armco and Republic be joined as parties following completion of the evidence relating to health hazards and liability. At that time, the record may show some basis for joining Armco and Republic in order to provide appropriate relief. Our ruling will not necessarily preclude subsequent joinder of Armco and Republic if the plaintiffs make a proper showing of adequate need for these parties in the litigation.